UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA M. B. ANDERSON,<br><br>    Petitioner,<br><br>  v.<br><br>R. KERNAN, warden,<br><br>    Respondent.<br>_____/ | No. C 05-4852 SI (pr)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Donna M. B. Anderson, an inmate at the Central California Women's Facility in Chowchilla, California, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Her petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### BACKGROUND

Anderson states in her petition that, upon her guilty plea, she was convicted in the San Mateo County Superior Court of first degree murder and attempted second degree murder and circumstances supporting sentence enhancements were found true. On July 5, 2002, she was sentenced to a term of 37 years to life in prison. She attempted to appeal, but her request for a certificate of probable cause was denied by the San Mateo County Superior Court and therefore could not pursue an appeal. She also filed unsuccessful state habeas petitions. She then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition contains three claims. First, Anderson contends she was denied her Fifth Amendment right to indictment by a grand jury. She had no such right. The Fifth Amendment to the U.S. Constitution provides that, except for certain military cases, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The Bill of Rights, including the Fifth Amendment, applies directly only to the federal government. See Barron v. Baltimore, 32 U.S. (7 Pet.) 243 (1833). Individual provisions in the Bill of Rights only apply to the states if the Due Process Clause of the Fourteenth Amendment so requires. Due process requires the incorporation of only those protections fundamental to the American scheme of justice. See Duncan v. Louisiana, 391 U.S. 145, 148-50 (1968) (trial by jury in criminal case is fundamental to the American scheme of justice and therefore required of the states by the Fourteenth Amendment). Prosecution by indictment has long been held not to be required of the states by the Due Process Clause. See Hurtado v. California, 110 U.S. 516, 538 (1884) (grand jury indictment not necessary for California because adequate procedural protection existed under system which permitted proceeding by information after examination and commitment by a magistrate certifying to the probable guilt of defendant); Jeffries v. Blodgett, 5 F.3d 1180, 1188 (9th Cir. 1993), cert. denied, 510 U.S. 1191 (1994). The first claim is dismissed without leave to amend because the absence of an indictment violated no

right for which federal habeas relief is available.

Second, Anderson claims that her plea bargain violated her right to due process because she had no arraignment and made the plea in pro per. Neither of these facts support habeas relief. Any potential challenge to the alleged lack of an arraignment[1] is foreclosed by the rule that a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); see also Haring v. Prosise, 462 U.S. 306, 319-21 (1983). Anderson's guilty plea bars her from challenging her conviction based on the alleged lack of an arraignment.

The fact that Anderson entered the plea while representing herself was not constitutionally impermissible.[2] A defendant may not collaterally attack her plea's validity merely because she "made what turned out, in retrospect, to be a poor deal." Bradshaw v. Stumpf, 125 S. Ct. 2398, 2407 (2005); cf. Faretta, 422 U.S. 835 n.46 ( "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'") In view of the absence of any challenge to the decision to allow Anderson to represent herself, the fact that she pled guilty while representing herself was not unconstitutional.

Anderson's third claim is that her plea bargain violated due process because she was "denied explicit waiver of appeal without a certificate of probable cause, denied explicit waiver of AEDPA timeline for habeas corpus relief, and denied explicit waiver of trial by jury at restitution (civil

---

[1] The sentencing transcript attached to the petition indicates that the claim that no arraignment was held indicates that the claim also is factually meritless. The court described the procedural history of the case, and noted that Anderson was arraigned. See Exh. H, 7/5/02 RT at 55-56. Anderson did not deny that the arraignment occurred but instead asked, "So may the record for arraignment of judgment reflect that the defendant did attempt to plead guilty at that time." Id. at 56. It may be that Anderson means that the arraignment was deficient rather than absent, but that challenge also would be barred by her later guilty plea.

[2] Anderson was representing herself not because she had been refused assistance of counsel but instead because her Faretta motion to represent herself had been granted. See Faretta v. California, 422 U.S. 806, 832 (1975). The Faretta hearing occurred just three days before her entry of the guilty plea. See Petition, Exh. F. At her Faretta hearing she indicated her intent to plead guilty. Id., 6/4/02 RT 6, 17.

suit) proceedings." Petition, p. 8.  She has not stated a claim cognizable in a federal habeas action because she had no constitutional right to be advised of any of those three points.  A defendant pleading guilty must be advised of direct consequences of a guilty plea but need not be advised of all the collateral consequences.  "The distinction between a direct and collateral consequence of a plea '"turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment."'"  Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir. 1988).  The three points of which Anderson was not informed – i.e., the procedural requirements for an appeal from a guilty plea, the existence of a statute of limitations for a federal habeas petition, and the alleged absence of a jury trial in restitution proceedings -- had no definite, immediate and largely automatic effect on the range of her punishment.  They were collateral consequences and therefore did not have to be brought to Anderson's attention before she entered her plea to make that plea constitutional.  Because she did not have to be informed of those points, it follows that she did not have to "waive" those points, despite her assertion to the contrary.

None of Anderson's claims have any legal merit.  Leave to amend will not be granted because the claims are legally meritless and are not curable by amendment  The court may dismiss the petition at this initial review stage because "it plainly appears from the petition and . . . attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing  Section 2254 Cases In The United States District Courts.  In light of the dismissal of this action, the request for an evidentiary hearing is denied.

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED because it fails to state a claim upon which relief may be granted in a federal habeas action.  The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 9, 2005

_____
SUSAN ILLSTON
United States District Judge